IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TYLER FITZGERALD TATE, # 485797, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-cv-00607 |
| | ) | |
| TENNESSEE DEPARTMENT OF CORRECTIONS, *et al.*, | ) | Judge Richardson |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyler Tate, who is in custody of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). As explained below, Plaintiff will have an opportunity to file an Amended Complaint that complies with the Federal Rules of Civil Procedure.

## I. Filing Fee

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc Nos. 2-1, 10), it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, 20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Riverbend Maximum Security Institution to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. Amended Complaint

A preliminary examination of the Complaint reveals that it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, the Complaint includes claims against the following Defendants[1] based on the listed allegations:

- claims against Lieutenant Holmes for threatening to have Plaintiff assaulted by another inmate on June 18, 2025;
- claims against Lieutenant Holmes and Officer Dylan Schwartz based on a cell search on June 20, 2025, during which the officers discovered contraband;

---

[1] The Complaint also includes allegations against non-Defendants that are not clearly related to any of his claims. For example, he asserts, "On 11-24-25 I made '[supposedly] PREA [advocate]' Mr. Robert Bates aware that due to disciplinary #01603346 – date 11-17-2023, that I felt it was a conflict of interest for Investigator Ms. Madison Campbell to take part in my PREA Investigation & I was told that due to shortness of staff that I was S.O.L. (sh*t outta luck)." (Doc. No. 1 at 14). Neither Mr. Bates nor Ms. Campbell are named as Defendants.

- a claim against Sergeant Zachary Ramp based on a cell search conducted on September 17, 2025;
- a claim against Officer Schwartz based on sexual harassment and sexual assault committed on November 1, 2025;
- claims against Sergeant Ramp based on threats made on November 5 and 13; 2025;
- claims against Sergeant Ramp and Officer Schwartz for sexually harassing another individual on December 16, 2025;
- claims against Assistant Warden Michael Keys and Warden Kenneth Nelson based on threats of disciplinary action made on January 8, 2025, if Plaintiff sought notarization of documents with their names on them.

(Doc. Nos. 1 and 1-1). Plaintiff names several other Defendants but makes no factual allegations against them.[2]

Applying Civil Rule 20, the Court finds that several Defendants are improperly joined in this action. For example, Plaintiff's claims against Lieutenant Holmes do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against Warden Nelson, Sergeant Ramp, or Assistant Warden Keys. Similarly, the claims against Sergeant Ramp do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against Warden Nelson or Assistant Warden Keys.

Pleadings such as these are typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that under the Federal Rules, a plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common

[2] The complete list of named Defendants includes the Tennessee Department of Corrections, Officer Dylan Schwartz, Sergeant Zachary Ramp, Assistant Warden Michael Keys, Internal Affairs Coordinator Sharon Goodman, Lieutenant Holmes, Unit Manager Smith, Major Campisi, Corporal Bruce, and Sergeant Stevenson. (Doc. No. 1 at 1, 8).

to all"). Entertaining Plaintiff's pleadings in their present form would contravene the Federal Rules and impermissibly complicate the litigation of this case.

To proceed in this action, Plaintiff must file an amended complaint in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert all the claims he has against a single Defendant, regardless of whether the claims arise from the same incident or incidents; alternatively, he can assert the claims he has against multiple Defendants that all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. Plaintiff must choose one or the other approach. As to the claims of his current pleadings that fall outside the scope of this required amendment—that is, claims not contained in whatever amended complaint Plaintiff ends up filing—Plaintiff may still pursue them but must file separate lawsuits to do so. *Id.*

## III. Conclusion

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 Complaint form, which he should use in drafting his Second Amended Complaint. Plaintiff **MUST** include the docket number for this case, 3:26-cv-00607, on the first page of his Amended Complaint.

If Plaintiff wishes to proceed in this action, he **MUST** file an Amended Complaint that complies with the Rules of Civil Procedure within **30 DAYS** of the date of this Order. Plaintiff may request an extension of time to comply with this Order by filing a written motion before the deadline. Plaintiff is warned that if he does not comply with this Order within the time specified, the court may dismiss this action for failure to prosecute and failure to comply with court orders.

Plaintiff's pending motions (Doc. Nos. 3, 11, and 12) are **DENIED** without prejudice to refiling after Plaintiff has filed a Complaint that complies with the Rules of Civil Procedure.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE